The object of the bill is to get a construction of the marriage settlement between John Moore and Mary Scott entered into shortly before their intermarriage.
The deed provides that, "after the death of both, the slaves therein conveyed shall be equally divided between all the children of the said Mary Scott that may be then alive, share and share alike, as well former children as those born of the intended marriage." It seems the (645) event upon which this disposition is made of the slaves has happened. Both are dead, without making effectual disposition of any of the property, and it remains to be divided according to the deed.
Mary Scott, who was a widow at the time of her intermarriage with Moore, had one child, who survives her, and is the present plaintiff. She had two children by her second marriage, Elizabeth and Lee Moore, both of whom died before her, leaving children. The family of Fites, mentioned as defendants, are the children of Elizabeth, and William and Maria Moore are the children of Lee.
In this condition of the family the question is, whether Abraham Scott, the surviving child, takes the whole, or whether the grandchildren, the children respectively of Elizabeth and Lee, take parts.
A consideration of the whole deed satisfies us that the grandchildren may, according to the manifest intent, come under the designation of children, and take shares. One provision of the deed is, in case the intended wife shall survive, she shall have, with regard to a portion of the negroes, a power to dispose of the same to and among her children andgrandchildren, at will. Another provision is, in case the wife survives and dies without leaving child or grandchild, any disposition which she shall make of the property by will shall be good.
In this last provision there is a necessary implication that if she had, in that contingency, left a grandchild, it would take according to their *Page 425 
understanding of the deed. Both show that grandchildren, as well as children, were in the minds of the parties, and regarded as proper objects to be provided for.
Another consideration may be added, arising out of the particular kind of deed before us. One of the principal objects of a marriage settlement (it seems to be so of this) is to provide for offspring, all of whom must be equally the objects of bounty, as none can have forfeited (646) it or placed himself in a situation to dispense with it. There is the greater reason, therefore, for construing this class of deeds, in case of ambiguity, in such way as to accomplish equal justice amongst offspring and satisfy natural affections.
The Court is of opinion that the grandchildren are embraced within the provision of the deed for children who shall survive; but as they come in upon the principle of representation, they must come in as classes, and take only the shares to which their parents would have been entitled had they survived.
Let a decree be drawn declaring these rights, and appointing commissioners to make division accordingly.
The costs must be paid by plaintiff from the estate.
Dist.: Carson v. Carson, 62 N.C. 59; Powell v. Morisey, 98 N.C. 430.
NOTE. — When it appears from other parts of a will that the testator understood the distinction between "children" and issue more remote, grandchildren and great-grandchildren cannot be included in a division directed to be made among children. Boylan v. Boylan, 61 N.C. 160.